**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**OCT 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN R. WASHINGTON,

     Plaintiff-Appellant,

v.

STEVE KAISER,

     Defendant-Appellee.

No. 03-7112

(D.C. No. 01-CV-681-P)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE** and **HARTZ**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Marvin R. Washington, a state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

     [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In his complaint filed December 12, 2001, Washington contended defendant Steve Kaiser, the former warden of the Davis Correctional Facility, deprived him of his rights by stealing three gold rings from him in June 1998. Defendant filed a motion for summary judgment alleging the claim was barred under the doctrine of res judicata. The district court determined that Washington had presented the same claim in a small claims action which involved the same defendant and the same incident, and that a final judgment was entered in the small claims action. The district court dismissed the § 1983 action as frivolous.

Washington contends his claim should not be barred by res judicata because there was no final determination on the merits in the prior small claims action. Even if this were true, his § 1983 action is barred by the statute of limitations. The statute of limitations for 42 U.S.C. § 1983 claims arising in Oklahoma is two years. See Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988). Washington filed his complaint on December 12, 2001, more than two years after the incident allegedly occurred. His claim is barred by the statute of limitations.

Washington also alleges the district judge was biased. Washington offers only conclusory statements and fails to present any evidence beyond showing that the district court ruled against him. Therefore, this argument is insufficiently supported. See Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001).

AFFIRMED. Washington is reminded of his obligation to continue making partial

payments of the appellate filing fee until paid in full.

Entered for the Court

MARY BECK BRISCOE
Circuit Judge